UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA RESENDEZ, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:18-cv-00004-WTL-DLP |
| RICHARD BROWN, | ) ) ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Joshua Resendez for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WCC 17-05-0337. For the reasons explained in this Entry, Mr. Resendez's habeas petition must be **denied**.

**A.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On May 21, 2017, Officer Buchanan wrote a Report of Conduct in case WCC 17-05-0337 charging Mr. Resendez with "sexual proposal." The Report of Conduct states:

> On the above date and approximate time I Officer Buchanan was conducting a security round on 6 range when Offender Resendez, Joshua #978076 made a comment that he wanted to see my ass and fuck it. I Officer Buchanan told the offender it was inappropriate and told him to stop talking. As I finished my pipe round the comments were still being made.

Dkt. No. 11-1.

On May 23, 2017, Mr. Resendez was notified of the charge of "sexual conduct" and was served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." Mr. Resendez was notified of his rights, pled not guilty, and requested the appointment of a lay advocate. Dkt. No. 11-2. He did not request any witnesses or physical evidence.

On May 26, 2017, the hearing was held in case WCC 17-05-0337. Mr. Resendez's statement was noted as, "In 15 years, I've never had any conduct like this." Dkt. No. 11-3. Mr. Resendez was found guilty of the charge of sexual conduct. *Id.* In making this determination, the hearing officer considered staff reports and the offender's statement. The hearing officer recommended and approved the following sanctions: a 28 day loss of phone privileges, a 60 day deprivation of earned credit time, and a previously suspended demotion in credit class from a prior disciplinary conviction. *Id.*

Mr. Resendez's appeals to the Facility Head and to the Appeal Review Officer were both denied.

### C. Analysis

Mr. Resendez alleges that his Eight Amendment and due process (under the Fourteenth Amendment) rights were violated in the disciplinary proceeding. The claims asserted in his petition

are construed as: 1) the punishment was disproportionate to the conduct; 2) the finding of guilt was contrary to the statement made in the Report of Conduct; and 3) there was insufficient evidence to support the conviction because there was no intercourse or other sexual contact. Dkt. No. 2.

A habeas action such as this is appropriate to challenge the length or duration of an offender's confinement. It is not the proper vehicle to assert a violation of the Eighth Amendment. To the extent Mr. Resendez argues that the sanction was excessive, this would be a challenge to Indiana Department of Correction policies, which is not reviewable by the federal habeas court. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue*, 2008 WL 822255, 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (An inmate "has no cognizable claim arising from the prison's application of its regulations."). Therefore, the Eighth Amendment claim is denied.

The second and third claims will be discussed together. Mr. Resendez argues that his conduct did not satisfy the charge of "sexual conduct" and therefore the evidence did not support the conviction.

The Indiana Department of Correction Adult Disciplinary Process defines B216 "Sexual Conduct," in part, as engaging in any of the following:

- Sexual intercourse, as defined in this Administrative Procedure, with the consent of the other offender and
- Making an explicit request, hiring, or coercing another person to have sexual contact.

Indiana Department of Correction Appendix of Offenses, Policy 02-04-101, June 1, 2015, p. 5.

Mr. Resendez insists that because he did not engage in sexual intercourse, he was unlawfully convicted of "sexual conduct." This contention ignores the other part of the definition of "sexual conduct," which includes "making an explicit request…to have sexual contact." The

conduct with which Mr. Resendez was charged, and which the reporting officer described in the Report of Conduct, falls within the scope of the definition of the offense.

Moreover, the "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.") (internal quotation omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Report of Conduct constitutes sufficient evidence to support the charge and conviction for "an explicit request…to have sexual contact."

Mr. Resendez was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Resendez's due process rights.

### D.     Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Resendez to the relief he seeks.

Accordingly, Mr. Resendez's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/9/18

_William T Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA RESENDEZ
978076
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov

Patricia Caress McMath
INDIANA ATTORNEY GENERAL
patricia.mcmath@atg.in.gov